FORM 11. **Informal Opening Brief (MSPB or Arbitrator Cases)**    Form 11 (p. 1)
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## INFORMAL BRIEF OF PETITIONER/APPELLANT

**Case Number:** *25-1039*

**Short Case Caption:** *Ziegler v. Dept of Interior*

**Name of Petitioner:** *Victor R. Ziegler Sr.*

**Instructions:** Read the Guide for Unrepresented Parties before completing this form. Answer the questions as best as you can. Attach additional pages as needed to answer the questions. This form and continuation pages may not exceed 30 pages.

Attach a copy of the initial and final decision/order of the Merit Systems Protection Board or arbitrator. You may also attach other record material as an appendix. Any attached material should be referenced in answer to the below questions. Please redact (erase, cover, or otherwise make unreadable) social security numbers or comparable private personal identifiers that appear in any attachments you submit.

1. Have you ever had another case before this court?   ☒ Yes   ☐ No

   In a United States district court?   ☒ Yes   ☐ No

   Before the Equal Employment Opportunity Commission?   ☐ Yes   ☒ No

If yes, identify the title and number of each case.

*See typed Sheet of paper with the cases.*

**RECEIVED**

DEC 17 2024

United States Court of Appeals
For the Federal Circuit

**FORM 11. Informal Opening Brief (MSPB or Arbitrator Cases)**

Form 11 (p. 2)
July 2020

2. Did the MSPB or arbitrator incorrectly decide or fail to take into account any facts?    [X] Yes    [ ] No

If yes, what facts?

> That Appellant Filed pro-per USERRA Claim of 38 USC 4302 being both in His Cases. DE-3443-06-0454-C-3 (22-1182) and DE-3443-06-0454-C-4 the USERRA Claim Cause applied Court Hearn... Su... p...

3. Did the MSPB or arbitrator apply the wrong law?    [X] Yes    [ ] No

If yes, what law should be applied?

> Board applied Res Judicata using the Judge's fashioned outside Sittle Mout claims in Fed Cir Case 22-1182- Fed Cir Sccid Appellant cliid not practice valid USERRA Claim its 22-1182 ... type popu...

4. Did the MSPB or arbitrator fail to consider important grounds for relief?

[X] Yes    [ ] No

If yes, what grounds?

> That Agency Never Restored Appellant fully to His last Branch Chief Supervisor Police Officer with already Earned AUO and standby primeon pay-as Promised by Status Quee (ANTE). Su set m ... type popu...

**FORM 11.** Informal Opening Brief (MSPB or Arbitrator Cases)

5.  Are there other reasons why the MSPB's or arbitrator's decision was wrong?

    ☒ Yes     ☐ No

    If yes, what reasons?

    Once the Board's Decision on Res Judicata
    Set aside, the Appellants Arguments on
    the merits of his 38 USC 4302 b claim is that
    Settlement Had to Mention United States or reasons
    Its Applyapp

6.  What action do you want this court to take in this case?

    Reverse and Remand appeal 25-1093
    back to MSPB a Full Board, So appellant;
    USERRA claim 38 USC 4302 b can be Heard
    on the merits.

    Date: _Dec-13-2024_          Signature: _Victor R. Ziegler CO_

                                 Name: _Victor R. Ziegler_

CORRECTED APPENDIX for FEDERAL CIRCUIT Case Ziegler v.Dept of Interior 2025-1093.

FORM 11. Question A. If YES, identify the title and number of each case.
The appellant answers Yes and lists his prior cases in the US Court of Appeals for the Federal Circuit as follows:

FEDERAL CIRCIT CASES
No:1.= Ziegler v. DOI 2022-1182 (   Fed. Cir May 2022)
No. 2=Ziegler v. MSPB 17-1640, 17-1641) ( Fed. Cir. 2017)
No. 3=Ziegler v. DOI  No. 269  F APP'X 965 (Fed. Cir Feb 2008 ) Remand back to MSPB
No. 4=Ziegler v. MSPB No  2008-3161 ( Oct 14, 2008 Fed. Cir.)
No. 5=Ziegler v. DOI =70 F. App'x 542, 543(Fed. Cir. 2003)

FEDERAL DISTRICT COURT
No1,= Ziegler v. Jewel No:12-4042 (April 2015)
No2,= Ziegler v Saladar No: 12-4042 (Aug 2014)
No3,= Ziegler v Norton II, then Kempthorene 04-4098 (2006)
No,4-=Ziegler v Norton I02A12308 (2003)

NO EEOOC CASES. There was no hearing for any EEOC cases; instead, a Right to Sue letter was issued for the above Federal District Court cases, Ziegler v. Norton I and Ziegler v. Norton II, then Kempthorne 04-98. This case was settled on October 15th, 2008, with the MSPB settlement under BOARD STANDARD, "of any and all cases and claims," as the Boiler Plate standard reads.
End of Appendix

*[signature]*
*Applicant.*

Appellant Victor R. Ziegler Sr. types his answers to correct form 11 informal Brief for case 25-1093, as follows.

Question number 1. Answer Yes, the cases are types and listed on a sheet of paper.

Question number 2. Answer Yes. That appellant filed proper USERRA of 38 USC 4302 [b] this claim being in bith his cases DE-3443-06-0454-C- 3 and cases DE-3443-06-0454-C- 4, MSPB `Judge refused to acknowledge the USERRA claim causing appellant great harm

Question 2. BOARD applies Res Judicata using the judge's fashioned Outside settlement claim of USERRA in the second case contained in Federal Circuit case 22-1182. Still, the Federal Circuit said the appellant had not filed a valid USERRA claim. So, if there is no valid USERRA claim, how can there be Res Judicxata for future USERRA claims?

Question number 3. Answer Yes,. BOARD applied Res Judicata using the MSPB judge's fashioned outside settlement claim in Federal Circuit case 22-1182. The appellant did not make an outside settlement claim. It was the presiding MSPB judge who made up this questionable claim. If the appellant did not know this was a UERRSA claim at the drafting and signing of the settlement why for say it had to bering it before date of settlement.

Question number 4. Answer Yes. That agency BIA never restored the Appellant fully to his last position of Branch chief supervisory police officer with already earned AUO & Standby 25% premium pay as it promised by offering the appellant Status quo (Anne) The appellant got gipped out of his already earned premium pay for years 1996,1997 & 1998, He wanted to have input into the drafting up of the settlement but was kept out of the room and judge instead of making agency allow appellant into the room took appellant over to supper and pressured him to sign settlement saying it was a done deal. The judge, while being friendly, still violated the

1

basic principles of the ABA standard for attorneys. The judge interfered while the appellant's case was still going on. The appellant was out of his job for seven years, had little or no income, and could not hire an attorney to represent him at the hearing. He was feeling very sick, but he went on with the hearing. The appellant did not knowingly sign a settlement that groomed him out of his earbud income. It was the agency BIA's burden to submit the proper 1052s to the federal Pay Organization from then on to OPM. The agency did NOT submit 1052s for the years 1996,1997 &1998, which were the appellant's high three years of salary when the 25% premium pay was added in. The agency only submitted 1052 for the retroactive extra year from April 1st, 1999, to March 31st, 2000, at regular pay and no premium pay, and without, premium pay, this year was not in the appellant's high three years of salary. The appellant would never have signed the settlement if he knew the agency would not fully restore his Status Quo (Anne).

Question number 5. Answer Yes, once the BOARD's decision on Res Judicata is set aside, the appellant's arguments on the merits of his 38 USC 4302[b] claim could be heard. The merits that the settlement had to mention, such as veteran status or USERRA, are recognized as the Congressional intent of the USERRA chapter by some courts. But some courts and circuits only required the Boiler-plate standard of waving or releasing any and all chains to satisfy a veteran giving aqat his USERRA rights and benefits away USERRA rights.

Question number 6. Answer Yes, For the Federal Circuit to reverse and remand case 25-1093 to the Full Board so the appellant's claims can be heard on the merits. Some claims besides the Ststu qua and premium pay AUO & standby pay are that the appellant felt sick without his medication all day; the presiding judge pressured him into signing settlements, and agency officials would not let the appellant have input into drafting. appellant lists his income from his job and health benefits, and the appellant lost everything in the Reorganization. The appellant

was told that he was too old, almost 50 years old, and close to retirement, but he would be lucky to make it to retirement and that he would not be hired for any jobs in the reorganization. The appellant was told face-to-face by an agency selecting officer that (you)veterans are troubled, meaning veterans with veteran preference status, and that their management had ways around veteran laws Lastly, the appellant was out of his job/position for seven years, had little or no income, and needed help to hire a lawyer to represent him at the hearing, but had no money to hire one. There is an old saying that he who represents himself has a fool for a lawyer. This fits the appellant's case.

Signatuyre _____

Date. Dec 14th, 2024                    Name. Victor R. Ziegler Sr,

3

## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

VICTOR ZIEGLER,
      Appellant,

DOCKET NUMBER
DE-3443-06-0454-C-4

v.

DEPARTMENT OF THE INTERIOR,
      Agency.

DATE: August 16, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Victor R. Ziegler, Sioux Falls, South Dakota, pro se.

Okwede Okoh, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of a compliance initial decision which dismissed his Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) appeal as settled. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We AFFIRM the compliance initial decision as MODIFIED, still dismissing the appeal for lack of jurisdiction, but doing so on the basis of collateral estoppel.

## BACKGROUND

In August 2006, the appellant filed two Board appeals challenging, among other things, his non-selection for promotion to a police chief position under USERRA and the Veterans Employment Opportunities Act of 1998. *Ziegler v. Department of the Interior*, MSPB Docket No. DE-3443-06-0454-I-1, Initial Appeal File, Tab 1; *Ziegler v. Department of the Interior*, MSPB Docket No. DE-3443-06-0455-I-1, Initial Appeal File, Tab 1. In October 2008, the parties executed a settlement agreement providing that the appellant "waives, releases and forever discharges the [a]gency . . . from any and all appeals, complaints, claims, causes of action, or grievances, however designated, whether known or unknown, pending or not now pending . . . including, but not limited to those matters resolved specifically herein . . . up to and including the effective date of [the settlement agreement]." *Ziegler v. Department of the Interior*, MSPB Docket No. DE-3443-06-0454-M-2, Remand File, Tab 31 at 4-12, 15-16. As consideration, the appellant received, among other things, a 1-year reinstatement to the position from which he had been separated, extending his service past

his minimum retirement age of 50. *Id.* at 4-5; *Ziegler v. Department of the Interior*, MSPB Docket No. DE-3443-06-0454-C-4, Compliance File (C-4 CF), Tab 6 at 47; *see* 5 U.S.C. § 8336(c)(1).

The administrative judge dismissed the appeals as settled in an initial decision and entered the agreement into the record for enforcement purposes. *Ziegler v. Department of the Interior*, MSPB Docket No. DE-3443-06-0454-M-2, Remand Initial Decision (Nov. 7, 2008); *Ziegler v. Department of the Interior*, MSPB Docket No. DE-3443-06-0455-M-2, Remand Initial Decision (Nov. 7, 2008). The appellant filed petitions for review, which the Board dismissed as untimely filed without good cause shown. *Ziegler v. Department of the Interior*, MSPB Docket Nos. DE-3443-06-0454-M-2, DE-3443-06-0455-M-2, Final Order, ¶¶ 1, 6-9 (Dec. 27, 2016). In a subsequent decision regarding a separate appeal the appellant filed in 2002, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) observed that the appellant did not challenge the dismissal of his 2006 appeals as settled. *Ziegler v. Merit Systems Protection Board*, 705 F. App'x 997, 1000 (Fed. Cir. 2017).

In June 2020, the appellant filed an appeal in which he reasserted his prior USERRA claims, arguing that the 2008 settlement agreement was invalid. *Ziegler v. Department of the Interior*, MSPB Docket No. DE-4324-21-0328-I-1, Initial Appeal File, Tab 1. The appellant requested reinstatement of the claims he raised in his 2006 USERRA appeal. *Id.* at 22-23.

The administrative judge dismissed the appellant's USERRA claims for lack of jurisdiction, finding that the claims, which were based on incidents preceding the 2008 settlement agreement, had been released in that agreement. *Ziegler v. Department of the Interior*, MSPB Docket Nos. DE-3443-06-0454-C-3, DE-4324-21-0328-I-1, Compliance Initial Decision at 9-11 (Sept. 29, 2021). To the extent the appellant was seeking to enforce the October 2008 settlement agreement, the administrative judge denied his request. *Id.* at 5-9. He also declined to void the agreement, noting that only the full Board could address that

argument. *Id.* at 2 n.2. The appellant elected not to seek full Board review of the administrative judge's decision, instead directly petitioning the Federal Circuit for review. The Federal Circuit affirmed the initial decision. *Ziegler v. Department of the Interior*, No. 2022-1182, 2022 WL 1435385 (Fed. Cir. May 6, 2022). In doing so, the Federal Circuit affirmed the administrative judge's conclusion that the appellant released his independent USERRA claims, finding the settlement agreement "valid and enforceable." *Id.* at *3-*4.

In November 2022, the appellant filed a pleading that he asserted was a new USERRA appeal. C-4 CF, Tab 1. In support, he repeated his argument from his 2020 appeal that his waiver of his USERRA rights in the 2008 settlement agreement was invalid, and thus he was not barred from pursuing his USERRA claims. *Id.* at 21-22. The regional office docketed the appellant's pleading as a petition for enforcement. C-4 CF, Tab 2 at 1. The appellant disagreed with this designation, reasserting that he was filing a new USERRA appeal. C-4 CF, Tab 9 at 2.

The administrative judge issued a compliance initial decision dismissing the case. C-4 CF, Tab 10, Compliance Initial Decision (C-4 CID) at 2, 8. Regarding the appellant's concerns that the regional office improperly construed his November 2022 filing as a petition for enforcement, the administrative judge acknowledged that the appellant was seeking to file a USERRA appeal notwithstanding the October 2008 settlement agreement between himself and the agency. C-4 CID at 1-2 & n.1. To the extent that the appellant was seeking to pursue his USERRA claims, the administrative judge observed that the Federal Circuit had previously affirmed the validity and enforceability of the October 2008 settlement agreement. C-4 CID at 2 (citing 2022 WL 1435385, at *4). Further, he observed that an administrative judge cannot consider the validity of a settlement agreement unless the appellant first files a petition for review of the initial decision that dismissed the appeal as settled and the matter is remanded to the administrative judge by the full Board. *Id.* at 5-7. Thus, he concluded that he

lacked jurisdiction over the appellant's USERRA claims. *Id.* at 7-8. The appellant has filed a petition for review largely repeating his claims in his November 2022 pleading. *Ziegler v. Department of the Interior*, MSPB Docket No. DE-3443-06-0454-C-4, Compliance Petition for Review (C-4 PFR) File, Tab 1. The agency filed a response, to which the appellant replied.[2] *Id.*, Tabs 3-4.

## ANALYSIS

<u>We modify the compliance initial decision to find that the appellant's argument that he did not release his USERRA claims is barred by collateral estoppel.</u>

The administrative judge dismissed the appeal below for lack of jurisdiction on the basis that only the full Board could review in the first instance the validity of the October 2008 settlement agreement dismissing the appellant's 2006 appeals as settled. C-4 CID at 5-8. On review, among other things, the appellant repeats his challenges to the validity of the settlement agreement, asserting that those challenges are now properly before the Board on petition for review. C-4 PFR File, Tab 1. Although the appellant is correct to assert that the central issue in this appeal—whether he released his USERRA claims in the October 2008 settlement agreement—is now properly before us, we find that we lack jurisdiction over his appeal because he is barred from relitigating that issue under the doctrine of collateral estoppel.[3]

The doctrine of collateral estoppel, or issue preclusion, bars re-litigation of an issue when: (1) the issue is identical to that involved in the prior action;

---

[2] Although the appellant claims in his reply that he was unable to read the agency's response to his petition for review in its entirety because it was served to the wrong address and he was ultimately only able to view photographs of it, C-4 PFR File, Tab 4 at 1, the appellant's reply substantively addresses the response and we discern no prejudice stemming from the agency's misdirected service.

[3] It is proper to consider a complaint which unmistakably challenges the validity of a settlement as a petition for review of the initial decision dismissing the appeal as settled. *Hazelton v. Department of Veterans Affairs*, <u>112 M.S.P.R. 357</u>, ¶ 9 (2009). Because the doctrine of collateral estoppel bars the appellant's claims at issue, his petition for review is denied.

(2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party or as one whose interests were otherwise represented in that action. *Simmons v. Small Business Administration*, 115 M.S.P.R. 647, ¶ 12 (2011). Although the appellant argued below that collateral estoppel is not applicable, C-4 CF, Tab 1 at 5, we find that all four elements are present here.

The appellant asserted below that his waiver of his USERRA claims in the settlement agreement was invalid because the agreement did not provide him with consideration exceeding what he was entitled to under USERRA, as required by 38 U.S.C. § 4302(b). C-4 CF, Tab 1 at 3. In relevant part, 38 U.S.C. § 4302(b) provides that USERRA "supersedes any . . . contract, agreement . . . or other matter that reduces, limits, or eliminates in any manner any right or benefit provided by" USERRA. The appellant also argued that, because the release in the 2008 settlement agreement did not clearly and unambiguously cover USERRA claims, he did not waive them. C-4 CF, Tab 1 at 3-4 (citing *Wysocki v. International Business Machine Corporation*, 607 F.3d 1102, 1106-08 (6th Cir. 2010)). He further argued, among other things, that he signed the settlement agreement under duress caused by various agency actions, and that he did not understand or, due to his medical conditions, physically see or properly consider the agreement before signing it. *Id.* at 4-5, 11-17.

But the appellant has litigated these claims before. On review in the appellant's 2020 appeal, the Federal Circuit decided these issues. *Ziegler*, 2022 WL 1435385, at *3-*4. The Federal Circuit concluded that the appellant received sufficient consideration for his USERRA waiver and that his waiver was not the result of coercion or duress. *Id.*; C-4 CF, Tab 1 at 3-5, 11-17; C-4 PFR File, Tab 1 at 1, 3-5, 18. Thus, the issue presented here, with the same supporting arguments no less, was actually litigated in the appellant's 2020 appeal. *See*

*Banner v. United States*, 238 F.3d 1348, 1354 (Fed. Cir. 2001) (stating that the "actually litigated" element is satisfied when the issue was properly raised by the pleadings, submitted for determination, and decided).

Further, the Federal Circuit's determinations regarding the appellant's release of his USERRA claims were necessary to its affirmance of the Board's dismissal of those claims for lack of jurisdiction. Finally, the appellant had a full and fair chance to litigate his 2020 appeal through the Federal Circuit. *See McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶ 19 (2005) (finding that an appellant, as a party to a former appeal, had a full and fair opportunity to litigate the now-precluded issues).

To any extent the appellant submitted new arguments or evidence in the present appeal that he did not raise in his 2020 appeal, collateral estoppel still applies because the appellant has not shown that such arguments or evidence were unavailable when he litigated that appeal.[4] *Simmons*, 115 M.S.P.R. 647, ¶ 12 (stating that collateral estoppel barred an appellant's claim of a settlement agreement's invalidity before the Board despite her having raised different arguments to support the invalidity claim in district court because she did not show or allege the evidence she cited in support of her claim before the Board was unavailable during her district court action). Because the appellant's challenge to his release of his USERRA claims is barred by collateral estoppel, we deny the petition for review.[5]

---

[4] Although the appellant relies on review, as he did below, on a 2021 Federal district court case, *Ward v. Shelby County*, No. 2:20-CV-02407, 2021 WL 2638035 (W.D. Tenn. June 25, 2021), *vacated and remanded*, 98 F.4th 688 (6th Cir. 2024); C-4 PFR File, Tab 1 at 10-12, 16-17; C-4 CF, Tab 1 at 3-4, the decision in the case was issued during the pendency of the 2020 appeal and was thus available during that appeal and the appellant's petition for review to the Federal Circuit.

[5] Because we deny the petition for review on collateral estoppel grounds, we do not address the appellant's nearly 14-year filing delay.

### NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  <u>5 U.S.C. § 7703(b)(1)(B)</u>.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, <u>132 Stat. 1510</u>.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    *Gina K. Grippando*
                                 _____
                                 Gina K. Grippando
                                 Clerk of the Board
Washington, D.C.

PRIORITY MAIL

UNITED STATES POSTAL SERVICE ®

VISIT US AT USPS.C
ORDER FREE SUPPLIES ON

FROM:

ZIEGLER
TIAN SANDBERG DR
SIOUX FALLS, SD
57110

TO: CLERK OF COURTS
FEDERAL CIRCUIT
717 MADISON PL N. (2)
WASHINGTON, DC
20439

Label 228, December 2023

FOR DOMESTIC AND INTERNATIONAL U

$10.45

11/20/24
4630780339-01

PRIORITY MAIL®

0 Lb 6.50 Oz

RDC 03

EXPECTED DELIVERY DAY: 11/23/24

SHIP
TO:

WASHINGTON DC 20439

USPS TRACKING® #

9505 5170 4046 4325 0455 37

PRIORITY® MAIL

s apply).*

ternational destinations.

required.

ns see the

itations of coverage.

schedule free Package Pickup,
scan the QR code.

USPS.COM/PICKUP

how2recycle.int

PAPER

ACKED ■ INSURED

EP14F October 2023

PS00001000014

**UNITED STATES POSTAL SERVICE**®

**PRIORITY MAIL EXPRESS**®

ER 149 759 298 US

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)    PHONE ( )

Victor Ziegler
712 W. Standberg Drive
Sioux Falls SD. 57100

**DELIVERY OPTIONS (Customer Use Only)**

☐ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)    PHONE ( )

Clerk of Courts For
U.S. Court of Appls For D.C. Cir.
717 Madison Place N.W.
Washington D.C. 20439

ZIP+4® (U.S. ADDRESSES ONLY)

☐ pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
$0.00 Insurance included.

⚠ **PEEL FROM THIS CORNER**

**PAYMENT BY ACCOUNT (if applicable)**
Federal Agency Acct. No. or Postal Service™ Acct. No.

**ORIGIN (POSTAL SERVICE USE ONLY)**

☐ 1-Day    ☐ 2-Day    ☐ Military    ☐ DPO

| PO ZIP Code | Scheduled Delivery Date (MM/DD/YY) | Postage |
|---|---|---|
| 57109 | 12-14 | $ 30.00 |

| Date Accepted (MM/DD/YY) | Scheduled Delivery Time | Insurance Fee | COD Fee |
|---|---|---|---|
| 12-14 | ☐ 12:00 PM ☑ 6:00 PM | $ | $ |

| Time Accepted | ☐ AM ☑ PM | | Return Receipt Fee | Live Animal Transportation Fee |
|---|---|---|---|---|
| 1253 | | | $ | $ |

| Special Handling/Fragile | Sunday/Holiday Premium Fee | Total Postage & Fees |
|---|---|---|
| $ | $ | $ 30.00 |

| Weight | ☐ Flat Rate | Acceptance Employee Initials |
|---|---|---|
| ___ lbs. ___ ozs. | | |

**DELIVERY (POSTAL SERVICE USE ONLY)**

| Delivery Attempt (MM/DD/YY) | Time | ☐ AM ☐ PM | Employee Signature |
|---|---|---|---|

| Delivery Attempt (MM/DD/YY) | Time | ☐ AM ☐ PM | Employee Signature |
|---|---|---|---|

LABEL 11-B, NOVEMBER 2023    PSN 7690-02-000-9996