## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

VICTOR R. ZIEGLER, SR.,

                          Petitioner,

    v.

                                     No. 2025-1039

DEPARTMENT OF THE INTERIOR,

                       Respondent.

## RESPONDENT'S CORRECTED INFORMAL BRIEF

Pursuant to Rule 28(g) of the Rules of this Court, respondent, the United States Department of the Interior (Interior), respectfully submits this informal brief in response to the informal brief and appendix filed by petitioner, Victor R. Ziegler.

## STATEMENT OF THE CASE

I.    <u>Nature Of The Case</u>

Mr. Ziegler appeals the decision of the Merit Systems Protection Board (MSPB or board) finding that his Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) and other claims are barred by collateral estoppel.

II.    <u>Statement Of Facts</u>

Mr. Ziegler, who served in the U.S. Air Force, worked as a police officer for a division of Interior. *Ziegler v. Dep't of the Interior*, No. 2003-3143, 70 F. App'x 542, 543 (Fed. Cir. July 11, 2003). "On March 31, 1999, [Interior] investigators ordered Ziegler

to submit to an interview regarding . . . allegations against him. Later that same day, Ziegler submitted a letter resigning his position." *Id.* Since then, Mr. Ziegler has filed various actions challenging Interior's actions. *See, e.g., id.* (affirming the board's decisions that it did not have jurisdiction over Mr. Ziegler's appeals alleging involuntary resignation and constructive demotion).

In one of these actions, Mr. Ziegler filed an appeal with the board challenging his non-selection for promotion to a supervisory position under the USERRA. *Ziegler v. Dep't of the Interior*, No. 2007-3217, 269 F. App'x 965 (Fed. Cir. Feb. 11, 2008) (remanding to the board for further proceedings); No. 25-1093, ECF No. 13 at 6. In 2008, the parties executed a settlement agreement providing, among other things, that "the Agency shall reinstate Appellant to the position he occupied on March 31, 1999," and "Appellant waives, releases and forever discharges the Agency . . . from any and all appeals, complaints, claims, causes of action, or grievances, however designated, whether known or unknown, pending or not now pending, contingent or fixed, including, but not limited to those matters resolved specifically herein." *Ziegler v. Dep't of Interior*, 2022 WL 1435385, at *1 (Fed. Cir. May 6, 2022) (emphasis omitted); No. 25-1093, ECF No. 13 at 6-7.

In 2020, Mr. Ziegler filed an appeal with the board alleging that Interior had breached the settlement agreement and asserting his prior USERRA claims. 2022 WL 1435385, at *2; No. 25-1093, ECF No. 13 at 7-8. The administrative judge dismissed Mr. Ziegler's claim for breach of the settlement agreement as untimely and dismissed

2

his USERRA claims for lack of jurisdiction, reasoning that they were subsumed within the release in the settlement agreement. 2022 WL 1435385, at *2. When that decision became final, Mr. Ziegler appealed to this Court, challenging the determination that his breach claim was untimely, arguing that the board erred in concluding that he waived his USERRA claims, and challenging the validity of the settlement agreement. *Id.* at *3. This Court affirmed the decision of the board to dismiss his breach claim as untimely, affirmed the decision to dismiss Mr. Ziegler's USERRA claims for lack of jurisdiction on the grounds that he released his USERRA claims under the settlement agreement, and finding that the settlement agreement is valid and enforceable. *Id.* at 3-4; No. 25-1093, ECF No. 13 at 8.

In 2022, Mr. Ziegler filed another appeal to the board in which he "repeated his argument from his 2020 appeal that his waiver of this USERRA right in the 2008 settlement agreement was invalid, and thus he was not barred from pursuing his USERRA claims." No. 25-1093, ECF No. 13 at 8. The administrative judge dismissed the appeal for lack of jurisdiction, explaining "that the Federal Circuit had previously affirmed the validity and enforceability of the October 2008 settlement agreement." *Id.* The board modified the initial decision finding "that we lack jurisdiction over his appeal because he is barred from relitigating that issue [of whether he released his USERRA claims] under the doctrine of collateral estoppel." *Id.* at 9. Mr. Ziegler appeals the August 16, 2024 final order of the MSPB denying his

petition for review.  No. 25-1093, ECF No. 13 at 5-18, *Ziegler v. Interior*, No. DE-3443-06-0454-C-4.

## JURISDICTIONAL STATEMENT

The Court possesses jurisdiction to entertain Mr. Ziegler's petition for review of the board decision pursuant to 28 U.S.C. § 1295(a)(9), because he timely filed a petition for review within 60 days of the board's final decision in accordance with 5 U.S.C. § 7703(b)(1)(A).

## STANDARD OF REVIEW

The Court must affirm the board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence[.]"  5 U.S.C. § 7703(c).  The Court reviews the board's legal determinations *de novo* and its underlying findings of fact for substantial evidence.  *See, e.g., Welshans v. United States Postal Serv.*, 550 F.3d 1100, 1102 (Fed. Cir. 2008).  Under this standard, the Court considers whether the board's decision is "supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Haebe v. Dep't of Justice*, 288 F.3d 1288, 1298 (Fed. Cir. 2002) (cleaned up).  "The question . . . is not how the court would rule upon a *de novo* appraisal of the facts of the case, but whether the administrative determination is supported by substantial evidence in the record as a whole."  *Id.*  The

board's credibility determinations are "virtually unreviewable." *Gibson v. Dep't of Veterans Affs.*, 160 F.3d 722, 725 (Fed. Cir. 1998) (cleaned up).

## QUESTIONS AND ANSWERS

1. **Are you aware of any related cases currently or previously before this court? If yes, identify the title and number of each case.**

    Yes, as noted above, Mr. Ziegler previously challenged the settlement agreement before this Court in *Ziegler v. Department of Interior*, No. 2022-1182, in which the Court affirmed the decision of the board to dismiss for lack of jurisdiction. Mr. Ziegler also brought the following related cases before this Court: *Ziegler v. Department of Interior*, No. 2018-1472; *Ziegler v. Merit Systems Protection*, No. 2017-1641; *Ziegler v. Merit Systems Protection*, No. 2017-1640; *Ziegler v. Merit Systems Protection Board*, No. 2008-3161; *Ziegler v. Department of Interior*, No. 2007-3217; and *Ziegler v. Department of Interior*, No. 2003-3143.

2. **Do you believe this court has jurisdiction this case. If no, why not?**

    Yes, the Court possesses jurisdiction to entertain Mr. Ziegler's petition for review of the board decision pursuant to 28 U.S.C. § 1295(a)(9), because he timely filed a petition for review within 60 days of the board's final decision in accordance with 5 U.S.C. § 7703(b)(1)(A).

**3.     What are your arguments in response to the petitioner/appellant?**

Mr. Ziegler challenges the board's decision on collateral estoppel.  Petitioner's Informal Brief, No. 25-1093, ECF No. 18 (Pet. Inf. Br.) at 5-7.  The board applied the proper test for collateral estoppel.

The board explained that test as follows.

> The doctrine of collateral estoppel, or issue preclusion, bars re-litigation of an issue when: (1) the issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party or as one whose interests were otherwise represented in that action.

No. 25-1093, ECF No. 13 at 9-10 (citing *Simmons v. Small Business Administration,* 115 MSPR 647 ¶ 12 (2011)).  This Court has endorsed that same test.  *See, e.g., Gossage v. Merit Sys. Prot. Bd.*, 861 F. App'x 426, 430-31 (Fed. Cir. 2021).

And the board properly applied this test.  Before the board, Mr. Ziegler argued that his release of his USERRA claims was invalid.  No. 25-1093, ECF No. 13 at 10.  This is the same claim that Mr. Ziegler brought to the MSPB in 2020, and that the board and this Court subsequently decided.  2022 WL 1435385, at **2-4 (cited in No. 25-1093, ECF No. 13 at 10).  And, as the MSPB explained, and Mr. Ziegler does not contest, "the Federal Circuit's determinations regarding appellant's release of his USERRA claims were necessary to its affirmance of the Board's dismissal of those claims for lack of jurisdiction.  Finally, the appellant had a full and fair chance to

6

litigate his 2020 appeal through the Federal Circuit." No. 25-1093, ECF No. 13 at 11. This Court should affirm.

### a. Did the MSPB incorrectly decide or fail to take into account any facts?

No. The MSPB correctly decided the relevant facts. In response to this question, Mr. Ziegler asserts that the MSPB "refused to acknowledge the USERRA claim." Pet. Inf. Br. at 5. In actual fact, however, the board correctly decided that the issue of whether Mr. Ziegler released his USERRA claims under the 2008 settlement agreement is barred by collateral estoppel. No. 25-1093, ECF No. 13 at 9-13.

### b. Did the MSPB or arbitrator apply the wrong law?

No. The MSPB applied the correct law. Mr. Ziegler asserts that "the Federal Circuit said the appellant had not filed a valid USERRA claim." Pet. Inf. Br. at 2, 5. According to Mr. Ziegler, "if there is no valid USERRA claim, how can there be Res Judicata for future USERRA claims." *Id.* at 5. The issue resolved by this Court, however, is that Mr. Ziegler released his USERRA claims in the 2008 settlement agreement. Specifically, this Court "affirm[ed] the Board's conclusion that Ziegler released his USERRA claims and the Board's subsequent dismissal of those claims for lack of jurisdiction." 2022 WL 1435385, at *4 ("We also note that were we to consider the USERRA claims on their merits, there is an absence of argument here that any action taken against Ziegler was taken because of his status as a veteran.").

### c. Did the MSPB or arbitrator fail to consider important grounds for relief?

No, the MSPB did not fail to consider important grounds for relief. Mr. Ziegler argues that he "wanted to have input into the drafting up of the settlement" and that the judge "pressured him to sign settlement saying it was a done deal" (Pet. Inf. Br. at 5-6), but these allegations were also previously considered and rejected by this Court. 2022 WL 1435385, at *4 (holding that the settlement agreement is valid and enforceable).

To the extent Mr. Ziegler is alleging that Interior breached the 2008 settlement agreement, the board previously concluded that his "claim for breach of the Settlement Agreement was untimely," and this Court affirmed because "the Board's factual findings on timeliness are supported by substantial evidence." *Id.* at *2-3 ("Regarding the retirement credentials, the Board found that it would have been apparent to Ziegler that credentials had not been provided soon after his retirement— approximately 12 years before this claim of breach was filed with the Board.").

### d. Are there other reasons why the MSPB's or arbitrator's decision was wrong?

No. As explained above, the board properly concluded that Mr. Ziegler's claims are barred by collateral estoppel. In response to this question, Mr. Ziegler merely argues that "once the BOARD's decision on Res Judicata is set aside, the appellant's arguments on the merits of his 38 USC 4302[b] claim could be heard."

8

Pet. Inf. Br. at 3, 6.  Mr. Ziegler, however, has not provided any basis for disturbing the board's decision.

**4.      Are there other arguments you wish to make?  If yes, please state them.**

No.

**5.      What action do you want this court to take in this case?**

We respectfully request that the Court affirm the MSPB's decision.  Mr. Ziegler asks the Court to reverse and remand so that his claims can be heard on the merits, but he has provided no basis for setting aside the board's decision that his claims are barred by collateral estoppel.

Respectfully submitted,

YAAKOV M. ROTH
  *Acting Assistant Attorney General*

PATRICIA M. McCARTHY
  *Director*

/s/  Steven J. Gillingham
STEVEN J. GILLINGHAM
  *Assistant Director*

/s/  David M. Kerr
David M. Kerr
  *Senior Trial Counsel*
  *United States Department of Justice*
  *Civil Division, Commercial Litigation Branch*
  *P.O. Box 480 | Ben Franklin Station*
  *Washington, DC 20044*
  *(202) 307-3390*
  *David.M.Kerr@usdoj.gov*

April 21, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2025, I caused the foregoing document to be electronically filed with the Clerk of the Court using CM/ECF.  The filing will also be served by U.S. Mail at the following address:

> Victor R. Ziegler, Sr.
> 712 N Sandberg Drive
> Sioux Falls, SD  57110

/s/ David M. Kerr

David M. Kerr