FORM 17. Informal Reply Brief

Form 17 (p. 1)
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

RECEIVED

### INFORMAL REPLY BRIEF OF PETITIONER/APPELLANT

MAY 20 2025

United States Court of Appeals
For the Federal Circuit

**Case Number:** 25-1093

**Short Case Caption:** Ziegler v Interior

**Petitioner/Appellant:** Victor R. Ziegler Sr.

> **Instructions:** Read the Guide for Unrepresented Parties before completing this form. Answer the questions as best as you can. Attach additional pages as needed to answer the questions. This form and continuation pages may not exceed 15 pages.
>
> You may attach other record material as an appendix. Any attached material should be **referenced in answer to the below questions**. Do not attach material already attached to your informal opening brief. Please redact (erase, cover, or otherwise make unreadable) social security numbers or comparable private personal identifiers that appear in any attachments you submit.

1. Have you received a copy of the respondent/appellee's response brief?
   ☑ Yes    ☐ No

   **STOP:** You may use this form to respond to arguments raised in the brief of respondent/appellee. If you have not received that brief, you may not file this form. **Do not proceed or file this form if you answered "No."**

2. What are your arguments in response to the respondent/appellee?

> The record presented, In Fed. Cir, Ziegler v DOI 22-1182, secund INDEPENDANT case of Ziegler v DOI DE-4324-20-0328-I-1., the panel found if they were to enterttain this cmerits of this case the appellant did not meet their burden of proving that his prior military status was a motivating factor in the agency's personel action. This element ewas need for this case of be a Valid USERA claim. See Sheehan v Navy, 240 F 3d 1009 (Fed. Cir. 2001. Also the

Clerk copy

FORM 17. Informal Reply Brief                                    Form 17 (p. 2)
                                                                 July 2020

3. Are there other arguments you wish to make?  ☑ Yes   ☐ No
   If yes, please state them.

> If neither case in Fed, Cir. Case Ziegler v DOI-22-1182 was not USERRA case. There should not be any Res Judicata doctrine applied to the appellant's present USERRA case, Ziegler v DOI 25-1093 also the Landers v Air Force case should not apply as there was no USERRA claims in 2201182 for it to apply to. Also, the appellant's argument of the fed. Statute 38 USC 4302B applying because the agency's consideration did not meet the standards of 38 USC 4302A. This consideration question needs to be remanded back to the full MSPB Board for their decision. he question of whether the Waiver addressed the settlement standard of Veteran Status is another deciding Factor.

Date: 05/19/2025                    Signature: _Victor R. Ziegler_

                                    Name: Victor R. Ziegler Sr.

The last sentence should read, the settlement standard of Veteran status is the waiver is another deciding Factor and the Affirative

## CERTIFICATE OF SERVICE

May-19= 2025

I, Victor R. Ziegler Sr., Pro-Se appellant, hereby certify that on date ~~Dec 14th, 2024~~, by First Class Mail, I have caused to be served my motion for ~~Corrections of Appellant's~~ Reply Appellate informal Brief Form ~~11 and Question 1,2,3,4,5, & 6~~ for Federal Circuit USERRA Appeals Fed. Cir. case 25-1093 and corrected Form 10, Statement Concerning Discrimination. UPON the following parties;

[.i] Clerk of Courts for Federal Circuit 717 Madison Place NW Washington DC 20439

[ii.] The agency ~~representative/attorney of record.~~, David Kerr P.O. BOX 480 Ben Franklin station. Washington DC 20044

Victor R Ziegler. 5-19-25.

Pro-Se Appellant Victor R. Ziegler Sr.,

At address of 712 North Sandberg Drive Sioux Falls SD 57110.

1

